NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3226

DARRIEL K. CASTON,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

Darriel K. Caston, of Sacramento, California, pro se.

David F. D'Alessandris, Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Gregory G. Katsas, Assistant Attorney General, Jeanne E. Davidson, Director, and Patricia M. McCarthy, Assistant Director.  Of counsel was Kevin D. Mack, Assistant Regional Solicitor, Office of the Regional Solicitor, United States Department of the Interior, of Sacramento, California.

Appealed from:  Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-3226

DARRIEL K. CASTON,

Petitioner,

v.

DEPARTMENT OF THE INTERIOR,

Respondent.

Petition for review of the Merit Systems Protection Board in SF0752040058-X-1.

_____

DECIDED:    November 4, 2008

_____

Before BRYSON, DYK, and PROST, Circuit Judges.

PER CURIAM

Darriel K. Caston ("Caston") seeks review of a final decision of the Merit Systems Protection Board ("Board") denying his petition for enforcement of a settlement agreement. Caston v. Dep't of the Interior, 108 M.S.P.R. 190 (M.S.P.B. 2008). We affirm.

BACKGROUND

The history of this litigation stretches back fifteen years, and is described in detail by the Board in its decision. Id. at 192-96. The brief summary presented here includes only that history directly relevant to the issues on review.

Darriel K. Caston was an electrical engineer with the Department of the Interior, Bureau of Reclamation ("agency"). Effective October 1, 2003, Caston was removed

from his position. Caston timely appealed to the Board. Caston asserted that he was removed in retaliation for protected reports to management that his supervisor, Ms. Robinson, was "foisting her religious beliefs" on employees and "religious harassment." He also asserted that his removal was discrimination on the basis of "religious harassment discrimination," sex, and race.

On April 8, 2004, Caston and the agency signed a settlement agreement ("agreement"). The agency agreed to cancel Caston's removal and restore him to duty status from the date of his removal with back pay and reimbursement of attorney fees. Caston agreed to remain on administrative leave until January 1, 2005, at which time he would resign from the agency if unable to find other Federal employment. Provision 1 of the agreement stated that Caston "agrees not to file any additional administrative or judicial actions regarding the subject matter of this appeal except that he may seek enforcement of this Agreement." Provisions 6, 7, and 11 contain promises of confidentiality:

> 6. The agency agrees to delete and destroy any and all information, reports, correspondence, investigations, or any other matters or materials relating to the removal . . . from Mr. Caston's personnel file or any other supervisory files under its control. . . .

> 7. The agency agrees to advise managerial/supervisory officials . . . not to disclose any negative or adverse information about Mr. Caston's employment. . . . [T]he agency managers and supervisors . . . will refer all written or oral requests for information about Mr. Caston from prospective employers and others to an individual of Mr. Caston's choosing . . . . Absolutely no mention shall be made by the designated reference person of Mr. Caston's discipline, or any information upon which his discipline was based, or any other alleged misconduct. . . . The agency shall not provide any information about Mr. Caston's removal or any negative information about Mr. Caston to any other branch or subdivision of the U.S. Government.

> * * * *

11.  The parties to this Agreement will not discuss or disclose the terms and conditions of this Agreement, or the contents of the case file, except as necessary to effectuate the terms and conditions of this Agreement.

Thereafter, Caston filed a formal EEO complaint alleging a hostile work environment between June 2003 and March 2004 on the bases of religious discrimination and prior protected activity, including allegations that Ms. Robinson was abusing employees and that Caston was retaliated against because he reported the abuse to superiors.  In responding to Caston's claim before the EEOC, the agency introduced evidence regarding the reasons for Caston's removal, including information about the prior appeal to the Board and the settlement agreement.

On November 8, 2006, an EEOC administrative judge ("AJ") ruled against Caston, concluding that the evidence, even when viewed in the light most favorable to Caston, was insufficient to support Caston's claim of a hostile work environment leading to his termination.

On March 28, 2007, Caston filed a petition for enforcement with the Board relating to the 2004 settlement agreement.  Caston argued that the agency violated the confidentiality provisions of the agreement by disclosing the details of the October 2003 termination, the appeal, and the settlement agreement to the EEOC.  In response, the agency argued that Caston had already breached the agreement by initiating the EEOC proceedings, and that the agency needed to disclose information covered by the agreement in order to defend itself in the proceedings.

On July 26, 2007, the AJ found that Caston breached provision 1 of the agreement by filing the EEO complaint of September 8, 2004, and that the agency materially breached the agreement by its disclosures in the EEOC proceeding.

However, the AJ concluded that the appropriate response of the agency to Caston's breach would have been an action for enforcement of the agreement. The AJ reasoned that the agency did not seek to enforce the agreement in a timely manner, and that Caston's breach did not excuse the agency's breach in response. The AJ concluded that Caston's settled appeal should be reinstated.

On review, the Board rejected the AJ's recommendation and dismissed Caston's petition for enforcement of the agreement. The Board concluded that Caston breached the agreement, and that Caston's material breach "discharged the agency from its obligation to perform" under the agreement. 108 M.S.P.R. at 198.

Caston timely petitioned for review to this court. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c). Interpretation of the terms of the settlement agreement is a matter of law that we review without deference. Greco v. Dep't of the Army, 852 F.2d 558, 560 (Fed. Cir. 1988). The question of whether there has been a material breach of a settlement agreement is a mixed question of law and fact. Gilbert v. Dep't of Justice, 334 F.3d 1065, 1071-72 (Fed. Cir. 2003).

On review, Caston first argues that he did not breach the settlement agreement. We conclude that the Board did not err in finding that Caston breached the agreement. Caston "agree[d] not to file any additional administrative or judicial actions regarding the

<u>subject matter</u> of this appeal . . . ." (emphases added). Caston argues we should not construe the settlement agreement to preclude claims of a hostile work environment, even if based on the same factual predicate as the settled MSPB action. We need not decide this issue, however, as Caston raised not only a hostile work environment claim in his EEO complaint, he also raised the issue of his removal, which is indisputably covered by the settlement agreement. Caston thereby breached the settlement agreement.

Caston also argues that any such breach was not material. The Board found, and we agree, that Caston's breach is material. "A breach is material when it relates to a matter of vital importance, or goes to the essence of the contract." <u>Thomas v. Dep't of Housing & Urban Dev.</u>, 124 F.3d 1439, 1442 (Fed. Cir. 1997) (citing 5 Arthur L. Corbin, <u>Corbin on Contracts</u> § 1104 (1964)). From the agency's perspective the primary value of a settlement agreement is that it settles the dispute with the employee and ends the litigation. Breaching this provision by reinitiating administrative or judicial procedures "goes to the essence of the contract" by completely destroying the most valuable aspect of the agreement for one of the parties. <u>Id.</u> Caston's breach was therefore material.

Caston finally argues that even if he materially breached the agreement, the agency's breach was not excused. We agree with the Board that when Caston materially breached the agreement by filing a complaint alleging discrimination in his removal and settlement, the agency was not obligated to remain silent, but was entitled to defend itself. "In resolving disputes among parties who each claim that the other has breached, courts will '[o]ften . . . impose liability on the party that committed the first material breach.'" <u>Christopher Vill., L.P. v. United States</u>, 360 F.3d 1319, 1334 (Fed.

Cir. 2004) (emphasis omitted) (quoting E. Allen Farnsworth, Farnsworth on Contracts § 8.15, at 439 (1990)); see also Restatement (Second) of Contracts § 237 (1979) ("[I]t is a condition of each party's remaining duties to render performances . . . that there be no uncured material failure by the other party . . . ."). This principle applies to settlement agreements of Board appeals. See Thomas, 124 F.3d at 1442. Of course, this principle is not without limits; had the agency elected not to terminate the agreement but engaged in an unrelated breach of the agreement in disclosing information to prospective employers, that breach might not be excused by Caston's prior breach.

The agency's decision to engage in a responsive breach does not mean that the agency has constructively elected to rescind the agreement; Caston's obligations under the agreement remain in force. See Restatement (Second) of Contracts § 237 cmt. a, illus. 1, 2 (1979).

Caston also argues that the Board improperly refused to hear evidence of "perjury," and that the law of the case and judicial estoppel apply to this case. The Board properly considered all such evidence on credibility offered by Caston; the Board was not required to believe Caston's interpretation of that evidence and did not abuse its discretion in crediting the challenged agency evidence. The Board has stated that the law of the case applies "only to an issue that was previously decided in a different stage of the same litigation." Nease v. Dep't of the Army, 103 M.S.P.R. 118, 124 (M.S.P.B. 2006). None of the findings in various EEOC and other actions mentioned by Caston is relevant; the doctrine of law of the case does not apply here. Judicial or administrative estoppel also does not apply because Caston has not identified any instance in which the agency argued and benefited from an administrative finding that

the agency subsequently argued was erroneous.  <u>See</u> 31 C.J.S. Estoppel & Waiver § 186 (2008).

In summary, the Board correctly held that Caston's material breach of the settlement agreement excused the agency's actions.

The decision of the Board is <u>affirmed</u>.

No costs.